IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiff,<br><br>vs.<br><br>BRENDA BURMAN, Commissioner, U.S. Bureau of Reclamation; DAVID BERNHARDT, Secretary, U.S. Department of Interior,<br><br>Defendants. | CV 20-22-GF-KLD<br><br>ORDER |

On August 10, 2020, the Court issued an order denying Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) or in the Alternative to Stay. (Doc. 12). Accordingly,

**IT IS ORDERED:**

**1. Rule 26(f) Conference and Case Management Plan**. A Case Management Plan shall be filed on or before **October 26, 2020.** Lead trial counsel for the respective parties shall, at least two weeks before the Case Management Plan is due, meet to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case and to develop a proposed case management plan. The case management plan resulting from the Rule 26(f) conference <u>is not subject to revision</u> absent compelling reasons.

**2. Contents of Case Management Plan**. The Case Management Plan shall contain deadlines for the following pretrial motions and events or shall state that such deadlines are not necessary:

1

      Motions to Dismiss (fully briefed)
      Certification of Administrative Record
      Motions to Supplement the Administrative Record
      Motions to Amend the Pleadings
      Completion of Discovery
      Motions for Summary Judgment (fully briefed)
      Additional Deadlines Agreed to by the Parties

"Fully briefed" means that the motion, the brief in support of the motion, and the opposing party's response brief are filed with the court by the deadline.

    **3.   Representation at Rule 26(f) Conference**.   Each party to the case must be represented at the Rule 26(f) conference by at least one person with authority to enter into stipulations.

    **4.   Stipulation to Foundation and Authenticity**. Pursuant to Rule 16(c)(3), the parties shall either:
    (a) enter into the following stipulation:
> The parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery.   However, if receiving counsel objects to either the foundation or the authenticity of a particular document, then receiving counsel must make specific objection to producing counsel in writing within a reasonable time after receiving the document.   A "reasonable" time means that producing counsel has sufficient time to lay the foundation or establish authenticity through depositions or other discovery.   If the producing party objects to a document's foundation or authenticity, the producing party shall so state, in writing, at the time of production, in sufficient time for receiving counsel to lay the foundation or establish authenticity through depositions or other discovery.   All other objections are reserved.

or,
    (b) state why a stipulation to authenticity and foundation is not appropriate for the case.

    **5. Administrative Record:** If an administrative record is involved, it must be filed in an indexed and searchable electronic format on CDs.   The government shall provide Plaintiff with the administrative record CDs on or before the administrative record filing deadline set out in ¶ 3, supra.   **The government must**

**also file with the Court ONE hard copy of the following documents (along with any attachments or appendices) to the extent any such documents are at issue in the case:**

    Final Environmental Impact Statement
    Supplemental Environmental Impact Statement
    Record of Decision or Decision Notice
    Forest Plan or other programmatic planning document
    Biological Assessment
    Biological Opinion
    Finding of No Significant Impact
    Final Listing/Delisting Rule

    **6.**    **Briefs:** In addition to the requirements of L.R. 10.3, **any briefs filed in this matter with any references to the administrative record must also be submitted to the Court on a CD or DVD and include active hyperlinks to all citations, including but not limited to the administrative record, statutes, case law, and regulations.   Citations to statutes, case law, and regulations should link to Westlaw or Lexis Nexis.**   A party required to file a brief prior to certification of the administrative record is relieved from the requirement that it provide hyperlinks to administrative record citations, but must comply with this paragraph in all other respects.

    **7.**   In all documents filed with the Court, the parties shall not use any acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, USFS, FWS and EIS.

    DATED this 24th day of August, 2020.

                                                    Kathleen L. DeSoto
                                                  United States Magistrate Judge